IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERTO CIPOLLINA,<br><br>    Plaintiff,<br><br>  v.<br><br>STATE FARM GENERAL INSURANCE COMPANY; STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY; and DOES 1 to 40,<br><br>    Defendants.<br>_____/ | No. C 12-04248 WHA<br><br>**ORDER GRANTING UNOPPOSED MOTION TO DISMISS** |

Plaintiff Alberto Cipollina sued defendant State Farm General Insurance Company, alleging that defendant did not pay the coverage benefit due under plaintiff's automobile insurance policy. Plaintiff allegedly sustained injuries when he was rear-ended by an underinsured motorist while driving and claims to have incurred medical costs in the amount of $122,538.73.

Plaintiff's insurance policy with defendant provided that defendant would pay damages for bodily injury sustained by plaintiff in any accident with an uninsured or underinsured motorist, up to the amount of $250,000.00. The policy terms required that the limits of any applicable policies must be used up first. The policy provided for arbitration "if there is no agreement between insured and carrier regarding the amount the insured is legally entitled to collect from the underinsured motorist" (Compl. ¶ 3). Plaintiff alleges he settled with the underinsured motorist, recovering $50,000, which was the policy limit of the motorist.

Following an arbitration, the arbitrator found in favor of plaintiff and awarded $100,260,54. After deduction of the settlement and medical pay credits, plaintiff alleges he was "awarded $45,260.54 in new money" (*id.* ¶ 10). Plaintiff alleges claims for breach of contract, breach of the covenant of good faith and fair dealing, and violation of California Business and Professions Code Section 17200. Defendant moved to dismiss plaintiff's claims for breach of contract and violation of Section 17200. After plaintiff failed to timely respond to the motion to dismiss, he was ordered to show cause why the motion should not be granted. In response, plaintiff filed a statement of non-opposition to the motion.

Defendant's unopposed motion to dismiss plaintiff's claim for breach of contract and unfair competition under Section 17200 is **GRANTED**. As plaintiff has made no effort to timely respond to the motion, and has not otherwise indicated that amendment would address the problems identified in this order, the two claims are **DISMISSED WITHOUT LEAVE TO AMEND**. The hearing set for October 18, 2012 is hereby **VACATED**.

**IT IS SO ORDERED.**

Dated: October 4, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE